IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JAMES E. JACOBSON, JR,

        Plaintiff,                        CV-10-115-ST

       v.                                  FINDINGS AND
                                                 RECOMMENDATION
STATE OF OREGON, PATRICIA A.
JACOBSON, and JOHN W. LUNDEEN,

        Defendants.

STEWART, Magistrate Judge:

       Plaintiff, James E. Jacobson, Jr., appearing *pro se*, has purported to remove a civil case from state court to this court. For the reasons set forth below, this case should *sua sponte* be remanded to state court for lack of subject matter jurisdiction.

///

///

## **REMOVAL STANDARDS**

1 - FINDINGS AND RECOMMENDATION

This court has an independent obligation to examine whether it has subject matter jurisdiction before deciding any issue on the merits. *Valdez v. Allstate Ins. Co.*, 372 F3d 1115, 1116 (9th Cir 2004). This obligation extends to removal jurisdiction and requires the court to "remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F3d 831, 838 (9th Cir 2003), *amended*, 387 F3d 966 (2004), *cert denied*, 514 US 974 (2005), citing 28 USC § 1447. "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Id* (citation omitted).

Pursuant to 28 USC § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or other defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Therefore, when an action is removed from state court, this court first must determine whether it has original jurisdiction over the plaintiff's claims.

Removal is proper only where the federal court would have had subject matter jurisdiction over the matter if the plaintiff had originally filed the action in federal court. The federal issue must be disclosed on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 US 386, 392 (1987). That disclosure must be "unaided by the answer or by the petition for removal." *Gully v. First Nat'l Bank*, 299 US 109, 112 (1936). "A defense is not part of a plaintiff's properly pleaded statement of his or her claim." *Rivet v. Regions Bank of La.*, 522 US 470, 475 (1998). Instead, "a right or immunity created by the

2 - FINDINGS AND RECOMMENDATION

Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action." *Gully,* 299 US at 112 (citation omitted).

## **FINDINGS**

It is difficult to discern what case is being removed from state court. The primary pleading contains a handwritten caption which reads: "Complaint under US Constitution Regarding" several state court cases. It lists James E. Jacobson, Jr. as the plaintiff suing three defendants: the State of Oregon, Patricia A. Jacobson, and John W. Lundeen. If this is the Complaint that James E. Jacobson, Jr., seeks to remove, he cannot do so. Only a defendant can remove a case to this court under 28 USC § 1441. *See Progressive West Ins. Co. v. Preciado*, 479 F3d 1014, 1017 (9th Cir 2007) (state court plaintiff/cross-defendant did not qualify as "defendant" for removal purposes).

However, this "Complaint" also contains a typed caption, all of which has been crossed out, which reads: "Notice of Removal to Federal District Court Re:" several state court cases listing James E. Jacobson, Jr., as the named "Respondent/Defendant." Attached are two pages in which James E. Jacobson, Jr., gives notice that he has filed a Notice of Removal alleging federal question and removal jurisdiction under 28 USC § 1441, specifically federal questions arising "under the U.S. Constitution or by Act of Congress: the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C. § 1738A; 18 U.S.C. § 241; 18 U.S.C. § 245, *et seq.*; 42 U.S.C. 14141; and 42 U.S.C. 1301, *et seq.*, and for Malicious Prosecution and/or Abuse of Process by the States of Washington and Oregon and other Defendants named herein." He also states that this case is related to another case filed in this court, *Jacobson v. Lundeen, et al*, Case No. 10-98-ST, and

3 - FINDINGS AND RECOMMENDATION

that removal is timely because defendant has not been served. Despite the handwritten change in the caption, this court will construe the "Complaint" as the Notice of Removal.

Attached to the Notice of Removal are copies of other pleadings filed in a state court case: *In the Matter of Marriage of Patricia A. Jacobson v. James E. Jacobson, Jr.*, Case No. DR 03 08 0241, Circuit Court of the State of Oregon for the County of Clackamas. The most recent of those pleadings is a Request for a Hearing and Appeal of Administrative Order and Judgment for Child Support filed by James E. Jacobson, Jr., dated January 22, 2010, complaining about an order entered on November 9, 2009, based on the State of Oregon's Motion for Modification of Child Support and Administrative Order. He asserts that the State of Oregon submitted a materially false certification to the court in support of its motion and that he was never served with the motion or a notice of a hearing on the motion. Other pleadings reveal complaints about his former wife obtaining emergency temporary custody of one of the children based on materially false allegations.

Based on the pleadings attached to the purported Notice of Removal, it is apparent that James E. Jacobson, Jr., seeks to remove to this court a state court case involving the dissolution of his marriage and custody issues. The pleadings from that state court case do not disclose any allegation against James E. Jacobson, Jr. arising under any federal claim or statute. Instead, it appears that James E. Jacobson, Jr., is attempting to raise federal claims for the first time in his purported Notice of Removal. At best, these claims could be raised as possible defenses to whatever adverse actions have been taken against him in state court. However, it is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals, Inc.*

4 - FINDINGS AND RECOMMENDATION

*v. Thompson*, 478 US 804, 808 (1986) (footnote omitted).  The federal controversy cannot be "merely a possible or conjectural one." *Gully*, 299 US at 113 (citations omitted).

Because James E. Jacobson, Jr., has not submitted any civil action pending against him in state court which alleges any federal claim against him, his purported removal to this court is improper.

## RECOMMENDATION

For the reasons set forth above, this case should *sua sponte* be remanded to state court for lack of subject matter jurisdiction, and all pending motions should be denied as moot.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge.  Objections, if any, are due March 15, 2010.  If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

This Findings and Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED this 24th day of February, 2010.

                                                            s/ Janice M. Stewart_____
                                                            Janice M. Stewart
                                                            United States Magistrate Judge